HEYWARD v. WILMARTH.

(Supreme Court, Special Term, Nassau County. September, 1902.)

1. AGREEMENT TO CONVEY LAND—SPECIFIC PERFORMANCE — DESCRIPTION — SUFFICIENCY.

A stipulation in a lease giving the lessee the privilege of purchasing the leased premises, and the land of the lessor "adjoining on the east," is a sufficient description of the land adjoining on the east, within the statute of frauds, entitling the lessee to a decree for a conveyance thereof.

Suit by William E. Heyward against Mary J. Wilmarth. Judgment for plaintiff.

Suit for specific performance of an agreement to convey real estate.

The defendant leased to the plaintiff a lot of land for a term of three years, the lot being bounded and described in the léase. The lease next contained the following clause:

"That the said lessee shall have the privilege of purchasing said premises and the land of the said lessor adjoining on the east at a price not to exceed $3,000 at any time during the term of this lease."

¶ 1. See Frauds, Statute of, vol. 23, Cent. Dig. §§ 228, 232.

The plaintiff during the term gave notice of his option to purchase, and tendered $3,000 and demanded a deed of conveyance. The defendant refused to convey.

The defendant claimed that the said agreement to sell was void under the statute of frauds in respect to such adjoining lot, for the reason that the agreement did not sufficiently describe it.

Thomas Young, for plaintiff.
John Vincent, for defendant.

GAYNOR, J. The words of the agreement to sell, "and the land of the said lessor adjoining on the east," viz., adjoining the lot leased on the east, are a sufficient description of the land within the statute of frauds. Richards v. Edick, 17 Barb. 260; Tallman v. Franklin, 14 N. Y. 584. The plaintiff has not resorted to evidence aliunde to eke out an insufficient description. He has only supplied the particular description of the lot by metes and bounds contained in the deed of conveyance of it to the defendant, so that the court may decree a conveyance by such description after the usual manner, rather than by the general words of the agreement.

Judgment for the plaintiff with costs.